# Robert J. Kaplan
Attorney at Law

80 Maiden Lane, Suite 1502 • New York, NY 10038
(212) 964-0600

———

EMAIL: rkaplan@lawkap.com | FAX: (212) 964-0867
www.lawkap.com

November 9, 2017

<u>VIA ECF</u>

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

Re: <u>In re Charles Zizi Case No.: 16-44872 (ESS)</u>

Dear Judge Stong:

  This firm represents several non-petitioning creditors who have appeared in this case (Docket No. 22). In prior orders (Docket Nos. 32 and 37), the Court has referred to those creditors as the "Claimants". For the sake of consistency, I will use that nomenclature in this letter.

  I have received, via ECF, Ms. Rodriguez's letter to the Court regarding the debtor's ("Zizi's") violation of the automatic stay (Docket No. 38). I join in Ms. Rodriguez's observation that Zizi's conduct is violative of the automatic stay. Indeed, it was I who alerted both Ms. Rodriguez and Zizi's counsel (Mr. Geiger) to that more than two weeks ago.

  Zizi's violation of the automatic stay is indefensible. However, what Ms. Rodriguez seeks from Your Honor amounts to "overkill". Although Zizi does not have the right to ignore the automatic stay, he does have the right, under the Code, to move this Court for relief from the stay. By seeking an "additional" stay from Your Honor, it appears that Ms. Rodriguez is trying to deprive Zizi of the right to move for relief from the automatic stay.

  My own review of the papers that Zizi improperly filed in Nassau County indicates that his motion to vacate has merit. However, if Zizi wants to present those meritorious arguments to the Nassau court, the Code requires that he first move this Court for leave to do so.

Obtaining leave from this Court to move for vacatur in Nassau County is important to the Claimants, because the judgment that Zizi seeks to vacate is creating a "judgment lien" on a property that is owned by one of the Claimants. The Claimants would like to see that lien removed, *but only by following procedure that complies with the Bankruptcy Code*. And the Claimants would like to see that lien removed not only on the grounds that Zizi has advanced, but also because of additional legal problems which the Claimants believe plague that judgment.

The Claimants intend to move Your Honor for relief from the automatic stay, so they can make a motion to vacate the judgment in Nassau County. Ms. Rodriguez should not, through her letter, forestall either Zizi or the Claimants from seeking relief from the automatic stay.

This, however, does not alter the fact that, unless and until this Court grants leave from the automatic stay, Zizi should cease his present course of conduct in Nassau County.

                                                                                      Respectfully,

                                                                                      Robert J. Kaplan

cc: All appearing counsel by ECF