# EXHIBIT E

# Robert J. Kaplan
*Attorney at Law*

80 Maiden Lane, Suite 1502 • New York, NY 10038
(212) 964-0600

EMAIL: rkaplan@lawkap.com | FAX: (212) 964-0867
www.lawkap.com

November 2, 2017

BY HAND

Craig Stuart Lanza, Esq.
26 Court Street, Suite 1200
Brooklyn, New York 11242

Re: Randall Funding LLC and Charles Zizi

Dear Mr. Lanza:

    I am the attorney for Green Group 11 LLC ("Green Group"). Your client, Randall Funding LLC ("RFL"), has a claim (the "Claim") against Charles Zizi ("Zizi"). Zizi is the named debtor in Case No. 16-44872 of the United States Bankruptcy Court, Eastern District of New York (the "Bankruptcy Case").

    Because of a judgment lien (the "Lien"), the Claim is secured by real property that is owned by Green Group.

    The amount of the Claim is $28,083.98, plus interest from April 11, 2011 at the rate of 9% per annum (*see*, CPLR 5003 and 5004). As of today, the amount of the Claim is $44,676.92. As of November 16, 2017 (two weeks from now), the amount of the Claim would, with accumulated interest, be $44,773.94.

    Green Group has caused the sum of $44,773.94 to be deposited into the Attorney Trust Account of Wisnicki & Associates LLC, one of its outside counsel. Enclosed is a check, in that amount, drawn on that account, made payable to the order of RFL (the "Check").

    As someone whose real property is securing the Claim, Green Group is tendering the Check in order to fully pay the Claim and thereby become subrogated to all of RFL's rights in respect of the Claim. *See*, 11 U.S.C. §509(a) ("Section 509").

As noted above, the amount of the Check includes interest through November 16, 2017. This will afford RFL more than sufficient time to deposit the Check without concern that the Claim is somehow not being paid in full.

Please note that if RFL does not deposit the Check by November 16, 2017, Green Group will construe that as rejection of the tender. Green Group reserves all rights in that regard. Without limitation, these include:

1. Directing a stop payment of the Check, at any time after November 16, 2017. At any time after such stopping of payment, the amount that Green Group caused to be deposited into the aforesaid Attorney Trust Account may, at Green Group's option, be returned to it or redirected as a payment of the tender into court. Please note that, while return of that amount to Green Group will end continuation of the tender, it will not alter the fact that tender was made and rejected. In that regard, please note that once tender is made, then *even if the tender is not continued and "kept good" after its rejection*, it nevertheless extinguishes the Lien and relegates RFL solely to seeking payment of the Claim from the debtor (Zizi) personally. *See, Nelson v. Loder*, 132 N.Y. 288 (1892); *Rush v. Wagner*, 184 A.D. 502, 171 N.Y.S. 817 (2nd Dep't, 1918). In short, rejection of the tender and extinguishment of the Lien will preclude RFL from having any recourse against Green Group's property, and RFL will receive only whatever distribution may be available to it from Zizi in the Bankruptcy Case.

2. Continuing the tender after November 16, 2017. This may be done by redirecting the amount of the Check as a payment of the tender into court.

Please note that if RFL deposits the Check, or if the tender is continued after rejection, Green Group will assert the status and rights of a subrogee under Section 509, and it will pursue whatever course it may deem advisable in that regard.

Very truly yours,

Robert J. Kaplan

Check Enclosed