UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
In re:

                                    Chapter 7

CHARLES ZIZI
a/k/a Charles Hans Zizi                      Case No.: 16-44872 (ESS)
a/k/a Hans Charles Zizi
a/k/a Charles A. Zizi,

                              Debtor.
-------------------------------------------------------X

## MOTION TO DISMISS INVOLUNTARY PETITION

Petitioning creditor Florida Corporate Funding, Inc. ("FCF"), by and through its attorneys Rodriguez-McCloskey PLLC, respectfully submits the instant motion to dismiss the involuntary petition ("Petition") with the consent and approval of Randall Funding, Inc., Reginald Beauvais (referred to herein collectively with FCF as "Petitioners"), and Charles H. Zizi (the "Debtor"), and respectfully represents as follows:

1. On or about October 28, 2016, petitioning creditor Randall Funding, Inc. ("Randall") filed the Petition for relief under Chapter 7 of Title 11 of the United States Code.

2. On or about January 9, 2017, FCF joined the action as a petitioning creditor. Upon information and belief, FCF is the largest single creditor of the Debtor.

3. On or about February 7, 2017, Reginald Beauvais ("Beauvais") joined the action as a petitioning creditor.

4. By this motion the Petitioners and the Debtor seek to dismiss the action.

1

5. FCF, Randall and the Debtor have entered into a settlement agreement (the "Settlement Agreement"). A copy of the Settlement Agreement is annexed hereto as Exhibit 1.

6. Pursuant to the Settlement Agreement, FCF, Randall and the Debtor have consented to the dismissal of this case.

7. Furthermore, petitioning creditor Beauvais has also consented to the dismissal of this case. Annexed hereto as Exhibit 2 is a copy of the Beauvais declaration confirming he consents to dismissal of this action.

8. Section 303(j) of the Bankruptcy Code provides that the court may dismiss an involuntary petition "[only after notice to all creditors and a hearing] (1) on the motion of a petitioner; (2) on consent of all petitioners and the debtor; or (3) for want of prosecution." 11 U.S.C. § 303(j). In this case, the Debtor and Petitioners have all joined in the motion.

9. The Petition should be dismissed as the claims of the Petitioners have been resolved. See, Matter of Bioline Labs., Inc., 9 BR 1013 (Bankr. E.D.N.Y. 1981) (granting debtor's motion to dismiss involuntary Chapter 11 petition under § 305 where trade creditors filed involuntary petition to enjoin bulk sale but did not present any better alternatives). In re M. Egan Co., Inc., 24 B.R. 189 (Bankr.W.D.N.Y.1982) (granting alleged debtor's motion to dismiss involuntary petition under § 305 where debtor had assigned all of its assets under state law, there was no showing of impropriety connected with the sale, and any allegations of improprieties by the assignee could be taken care of in state court); In re Audio Visual Workshop, Inc., 211 BR 154, 161 (Bankr. S.D.N.Y. 1997).

10. Alternatively, the Court should dismiss the Petition pursuant to 11 U.S.C. § 305 because "the interests of creditors and the debtor would be better served by such dismissal ..." 11 U.S.C. § 305(a)(1).

11. The disputes between the Debtor and Petitioners were resolved without an award of costs or damages to any party. Any remaining disputes which may exist between other creditors are more properly resolved in state court. Indeed, in involuntary cases where a two-party dispute is at issue, the Bankruptcy Court can and will abstain. In re Ishaky, 2010 WL 935572 (Bankr.E.D.N.Y. March 11, 2010); In re Selectron Mgt. Corp., 53 Bankr Ct Dec 212 (Bankr.E.D.N.Y. Sept. 27, 2010).

12. Annexed hereto as Exhibit 3 is a matrix of the Debtor's creditors. All were provided notice of the instant motion.

13. Annexed hereto as Exhibit 4 is a proposed order of dismissal.

WHEREFORE, FCF respectfully requests that upon the hearing of this motion on notice to all creditors, the Petition be dismissed without an award of costs or damages to any party; or, alternatively that the Court abstain from hearing the case.

Dated:   Brooklyn, New York
         April 18, 2018

                                    Respectfully Submitted,

                                    RODRIGUEZ-MCCLOSKEY PLLC

                                    By: /s/ Yenisey Rodriguez-McCloskey
                                        Yenisey Rodriguez-McCloskey, Esq.
                                        300 Cadman Plaza West, 12th Floor
                                        Brooklyn, New York 11201
                                        Telephone (347) 689-7625

3

Facsimile (347) 402-1033
yenisey@rodriguezmccloskey.com